**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**TRI-COUNTY MOBILE WASH, INC., d/b/a SUPERIOR WASH,**

**CASE No.: __________________**

**Plaintiff,**

**v.**

**FLORIDA 595 TRAVEL CENTER CORP.**

**Defendant.**
__________________________________/

## COMPLAINT

**COMES NOW,** Plaintiff Tri-County Mobile Wash Inc. d/b/a Superior Wash ("Superior Wash") and pursuant to the Federal and Florida Rules of Civil Procedure and by and through undersigned counsel, hereby sues Defendant Florida 595 Travel Center Corp. ("595") and for its complaint states as follows:

## FACTUAL BACKGROUND

1. Tri-County Mobile Wash, Inc. d/b/a Superior Wash is a Florida for profit corporation which operates a "Mobile Trucking Cleaning" business from its corporate location in Fort Lauderdale, Florida

2. Upon information and belief, Defendant Florida 595 Travel Center Corp ("595") is a Florida corporation which operates a full service truck stop located at 2745 Burns Road,

Davie, Florida. According to the 595 website, 595 operates the biggest truck stop on the East Coast. The website also includes a photo of the 595 truck washing facility which features a Superior Wash supply truck. A copy of the photo is attached hereto.

3. In or about April 2015, Superior Wash and 595 entered into a contract whereby Superior Wash would provide certain personnel and supplies at the 595 truck stop to provide truck washing services for customers of 595. (See contract attached as Exhibit)

4. According to Paragraph 2 of the contract, Superior Wash was to and to furnish at its own expense all labor, supervision, materials and supplies and all utilities related to the wash bay … to perform certain services (truck washing). The contract took effect April 10, 2015 and was to run for three years or through April 9, 2018.

5. On or shortly following January 6, 2017, Superior Wash received from 595 written notice via letter dated January 3, 2017 explaining that 595 was terminating the agreement between Superior Wash and 595 effective January 8, 2017 at 11:59 p.m. The notice referenced paragraph 11 of the agreement which according to 595 reads "… Either party may terminate any written or verbal agreement with 5 days written notice". (See Attached Letter dated January 3, 2017). Superior Wash then notified 595 that the referenced language in the January 3, 2017 letter was taken from a previous contract between Superior Wash and 595 which had merged into the April 10, 2017 contract. Paragraph 11 of the April 10, 2017 contract specifically explains that "… All prior discussions, agreements, understandings and representations are merged herein and set forth above."

6. Thereafter 595 via letter claimed that treatment of certain waste water should be considered a utility and that Superior Wash was liable to the cost to treat waste water. It

is significant to note that prior to this notification and for the first 18 months of the contract, 595 had deducted from its payments to Superior Wash the cost of all utilities including water.

7. To be clear, Paragraph 7 of the April 10, 2016 contract specifically provides that if the Contractor (Superior Wash) failed to perform the require services in a workman like fashion, 595 shall have the option to terminate the agreement ONLY by providing written notice to Superior Wash specifically citing all areas of non-compliance and if Superior Wash failed to correct the cited deficiencies within 30 days of 595's written notice, 595 ha the option to terminate the agreement. Such notice was never provided to Superior Wash and there is no other avenue to early termination of the agreement.

8. In addition, soon after the effective date of the contract, 595 began using the Superior Wash name and logo on its website and in it advertising. Superior registered with U.S. Patent and Trademark Office in 2005 and again in 2012. 595 used and continued to use the Superior Wash name and marks even after 595 terminated its agreement with Superior Wash. Illegal use of the Superior Wash name and logo/marks continue as of the date of the filing of this complaint and two images of such use are attached as Exhibits.

**JURISDICTION AND VENUE**

9. This is an action for injunctive and other relief brought pursuant to the Federal Trademark Act, 15 U.S.C §1051 et. seq. ("Lanham Act") for trademark infringement, false designation of origin, false advertising, related unfair competition and injunctive relief. Superior Wash also asserts claims in accordance with common law rights and the related Florida Statutes for trademark infringements and unfair competition pursuant to

Fla. Stat. §495.161. Superior Wash also brings this suit for breach of contract and related state claims.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1338(A) and 1338(b).

11. This Court also has jurisdiction pursuant to 15 U.S.C. §1121 and the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. §1367

12. Venue is proper in this district because the substantive events giving rise to the claims herein arose in this judicial district.

**COUNT 1:**

**TRADEMANRK INFRINGEMENT and FALSE ADVERTISING IN VIOLATION OF THE LANHAM ACT 15 U.S.C. §1125(A)**

13. Superior Wash restates and realleges those allegations in Paragraph 1 – 12 herein

14. The foregoing acts 595 constitute false advertising and false representation in violation of the Lanham Act, 15 U.S.C. §1125(a)

15. 595 has made and continues to make material false and misleading statements of facts on its website about 595 services and products.

16. 595 has and continues to deceive and is likely to deceive consumers about the true nature, characteristics, and qualities of 595 products and services.

17. The false and misleading information on the 595 website have actually deceived and have the tendency to deceive consumers who have relied or will likely rely on the false information on the 595 website about the truck washing services.

18. On information and belief, individuals in need of trucking washing services throughout the southeast United States have viewed the 595 website and therefore 595's false advertising has entered interstate commerce.

19. 595s false and misleading statements regarding the affiliation, connection or association of 595 and Superior Wash

19. As a direct and proximate cause of these actions, Superior Wash has suffered and is likely to continue to suffer significant monetary damages and discernible competitive injury

20. Because the full extent of Superior Wash's damages cannot be readily ascertained, Superior Wash has not adequate remedy at law.

21. Superior Wash has a substantial likelihood of success of these merits of this claim.

22. Injunctive relief is in the public interest in that such interest is served by preserving Superior Wash's intellectual property rights from misappropriation by Defendant.

23. A temporary injunction is necessary to preserve the status quo in light of the likelihood that, absent an injunction, Defendant continue to deceive potential customers of 595 in need to truck washing services and who rely on the experience, expertise, and methods used by Superior Wash. Sub-standard truck washing service or lack of service will have a significant and detrimental impact Superior Wash

**WHEREFORE**, Plaintiff Superior Wash respectfully requests that this Court to:

a. Enter a temporary and permanent injunction enjoining Defendant and each of its respective parents, subsidiaries, affiliates, officers, employees, agents, representatives, and anyone else acting in connection with them, anywhere in the world from marketing, advertising, or offering other services or otherwise represent 595 has the

right or ability to use Superior Wash's intellectual property or to provide services on behalf of Superior Wash.

b. Enter judgment in Superior Wash's favor and against Defendant for monetary damages as are demonstrated by the proofs to the maximum extent permitted by law.

c. Award punitive damages and such other relief as the Court deems appropriate

d. Award reasonable attorneys' fees and costs as permitted by law.

**COUNT II**

**BREACH OF CONTRACT**

24. Plaintiff restates and realleges those allegations in Paragraph 12 of the Complaint

25. The April 2015 contract made by and between 595 and Superior Wash and attached hereto is a valid and enforceable contract

26. Pursuant to the terms of that contract, Superior Wash was to perform certain trucking washing services at 595's Fort Lauderdale location and 595 was to compensate Superior Wash based on a percentage of revenue collected by 595

27. The contract was supported by good and sufficient consideration and was in effect for about eighteen months before the contract was breached by 595

28. Pursuant to the terms of the Agreement, Superior Wash performed its obligations in workman like fashion and without complaint by 595

29. 595 breached the contract by unilaterally terminating the agreement without notice required by 595 and without any opportunity to cure any deficiencies alleged by 595 regarding the work performed by Superior Wash

30. As a direct and proximate result of 595's breach of the contract with Superior Wash, Superior Wash has a will continue to suffer monetary and other equitable damages for which specific performance of the contract by 595 would be appropriate.

**WHEREFORE, Plaintiff** demands judgment against Defendant as follows:

a. Award Superior Wash damages, together with prejudgment and post judgment interest;

b. Award Superior Wash costs of this Action and its attorneys' fees pursuant to the contract at issue in this matter and Fla. Stat. §542.335 and any other applicable law;

c. Order specific performance according to the terms of the contract and any other equitable relief the court deems just and proper

d. Award Superior Wash any additional such relief as the Court deems just and proper.

**VERIFICATION**

I Vincent Garcia president of Tri-County Mobile Wash, Inc. d/b/a Superior Wash have reviewed the allegation in the foregoing complaint and verify the truth of those allegation based on my own personal knowledge and observations. I understand that I am affirming under oath the truthfulness of the claims in the complaint. I am over the age of 18, have personal knowledge of the facts herein and am competent to testify as to the facts set forth herein

Vincent Garcia
Name
Date: 5/30/2017

County of BROWARD
State of FLORIDA

BEFORE ME, the undersigned authority, personally appeared Vincent Garcia who, after being first duly sworn, deposes and states that the information contained in the foregoing document thereof are true and correct to the best of his knowledge and belief.

(Signature)

By: Vincent Garcia

NOTARY PUBLIC
Kayla D. Trujillo
State of Florida
My Comm. Expires 10/27/2020
Commission No. GG 42958

Sworn to and subscribed before me, this 30 day of May 2017, by Vincent Garcia, who is personally known to me or has produced Drivers License as identification and who did take an oath.

Signature
Kayla D. Trujillo
Print (Notary's Name)
Notary Public, State of Florida

Respectively Submitted.

***/s/Robert Blanchfield***

Robert Blanchfield, Esq.
Robert Blanchfield, P.A.
127 W Fairbanks Ave.
Suite 272
Winter Park, FL 32789
407 497-0463
Fax 866 530-8441
Bar No 3601800
Bob@Blanchfieldlawfirm.com
Counsel for Plaintiff